# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,  )
                               )
                 Plaintiff, )
                               )
vs.                                  )
                               )
FRANK PHILIP GOLDSTEIN,        )
                               )
                 Defendant. )

Case No. 2:10-cr-00525-GMN-PAL

**ORDER**

(Mtn to Compel - Dkt. #58)
(Mtn for Paralegal - Dkt. #72)
(Mtn for Dental Bridge - Dkt. #72)

This matter is before the court on Defendant Frank Philip Goldstein's Motion to Compel (Dkt. #58), Motion for Paralegal Secretary (Dkt. #72), and Motion for Dental Bridge (Dkt. #73). The court has considered the Motions and the government's Response (Dkt. #63) to the Motion to Compel.

## BACKGROUND

The grand jury returned an Indictment (Dkt. #1) against Goldstein on October 20, 2010, charging him with Carjacking, in violation 18 U.S.C. § 2119; two counts of Use of a Firearm During and in Relation to a Crime of Violence, in violation o f 18 U.S.C. § 924(c)(1)(A)(i) and (ii); and Interference with Commerce by Armed Robbery, in violation of 18 U.S.C. § 1951. The Indictment also contains forfeiture allegations. Defendant made his initial appearance on October 25, 2010, and Mr. Michael Sanft was appointed to represent Goldstein. *See* Minutes of Proceedings (Dkt. #7). On May 2, 2011, the district judge appointed new counsel, Mr. Daniel Albregts, to represent Goldstein. *See* Minutes of Proceedings (Dkt. #31). On October 17, 2011, Mr. Albregts moved to withdraw as counsel. *See* Motion to Withdraw (Dkt. #44). The undersigned held a hearing on the Motion to Withdraw on November 8, 2011. Mr. Goldstein indicated he wanted to represent himself. The court conducted a *Faretta* canvas, granted Mr. Albregts' request to withdraw, and allowed Goldstein to appear pro se, with Mr. Albregts remaining as standby counsel. *See* Minutes of Proceedings (Dkt. #47).

**DISCUSSION**

I. **Motion to Compel (Dkt. #57).**

Goldstein requests an order compelling the government to produce exculpatory and impeachment evidence, including discovery material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 50 (1972).

The government responds this case is governed by a Joint Discovery Agreement (Dkt. #15), and it has produced all discovery required under that Agreement, including materials pursuant to Federal Rule of Criminal Procedure 16 and as required by *Brady* and its progeny. The government has also produced FBI 302 reports, police reports, and expert testimony. The government contends Goldstein did not meet and confer with the government regarding a discovery dispute as required by LCR 17-1. Additionally, after Goldstein was permitted to proceed pro se, Mr. Albregts–Goldstein's standby counsel–requested the government provide Goldstein with all discovery in this matter. The government complied with this request. Finally, the government has filed its Witness List (Dkt. #52) and Exhibit List (Dkt. #53), and it will make all physical evidence available for inspection before the trial of this matter.

At the March 5, 2012, hearing, Mr. Albregts suggested Goldstein file a reply outlining which discovery Goldstein believes the government had not produced. The court directed Goldstein to do so. Goldstein did not file a reply specifying any particular discovery he believes the government has not produced. The government represents that it has fully complied with its discovery obligations. Thus, the Motion to Compel is denied.

II. **Motion for Paralegal Secretary (Dkt. #72).**

Goldstein moves the court to appoint a paralegal or secretary to assist him in preparing for trial. He explains that exhibit binders are difficult to assemble while he is incarcerated because they require many materials and special preparation. Southern Nevada Detention Center does not have the tools he needs, and he does not have the secretarial skills required. He asserts a paralegal or secretary will assist him with legal research and type any motions or responses he drafts.

Goldstein has cited no authority to support his request for secretarial assistance. He is not entitled to support staff to organize documents. His standby counsel may assist with legal research.

Therefore, his Motion for Paralegal is denied.

**III.     Motion for a Dental Bridge (Dkt. # 73).**

Defendant asserts that he needs a "dental bridge or plate" for trial, and there is no dental care available in the Southern Nevada Detention Center except tooth extractions. Goldstein contends that while incarcerated, he has had several teeth extracted, and neighboring teeth have fallen out as a result. He believes a bridge is required because without it, he looks "like a bum off the street," and his speech is hampered. He has provided several photos from identification cards, taken around the time he was arrested, that show he has a full set of upper teeth.

Cases addressing the standard of dental care owed to prisoners and pretrial detainees most frequently arise in the context of Eight Amendment claims in *Bivens* and § 1983 actions alleging deliberate indifference to serious medical needs. The Eighth Amendment's protections against cruel and unusual punishment apply only to punishment imposed after conviction of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535-37 & n.16 (1979). As a pre-trial detainee, the Eighth Amendment protections do not apply to Goldstein. However, the Due Process Clause of the Fourteenth Amendment protects pre-trial detainees and ensures that no state shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV; *see Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987). In shaping the standards applicable to pre-trial detainees, courts apply Eighth Amendment principles. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996).

The Ninth Circuit has recognized that "[d]ental care is one of the most important medical needs of inmates," and the Eighth Amendment requires prisoners be provided with "a system of ready access to adequate dental care." *Hunt v. Dental Dept.,* 865 F.2d 198, 200 (9th Cir. 1985) (citing *Ramos v. Lamm,* 639 F.2d 559, 576 (10th Cir. 1980), *cert. denied,* 450 U.S. (1981). However, the Second Circuit has held that "a correctional facility is not a health spa, but a prison in which convicted felons are incarcerated . . . . We are governed by the principle that the objective is to provide the minimal level of dental care required by the Constitution. The essential test is one of medical necessity and not simply of desirability." *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) (internal citations and quotation marks omitted) (citing *Ruiz v. Estelle,* 679 F.2d 1115, 1150 (5th Cir.), *vacated in part as moot,* 688

F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983); and *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981)).

Here, Goldstein has not provided any evidence that a dental bridge is medically-required nor has he stated any information regarding his attempts to resolve this matter with the institution and or the U.S. Marshal's Service. He does not claim he is being denied dental care by the U.S. Marshal's Service or Southern Nevada Detention Center. Rather, he is requesting dental services to enhance his appearance. The court fully appreciates that he would like to improve his appearance . However, he does not have a right to cosmetic dental procedures. Accordingly, his Motion is denied.

For all the foregoing reasons,

**IT IS ORDERED**:

1. Goldstein's Motion to Compel (Dkt. #57) is DENIED.
2. Goldstein's Motion for Paralegal (Dkt.#72) is DENIED.
3. Goldstein's Motion for Dental Bridge (Dkt. #72) is DENIED.

Dated this 9th day of May, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE